

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 24, 1948

Hon. J. M. Faulkner,
Banking Commissioner,
Austin, Texas

Opinion No. V-483

Attention:
Mr. H. L. Bengston,
Deputy Banking Com-
missioner.

Re: Eligibility of the
State Treasurer to act
as trustee for a corpor-
ation issuing securities
under Article 1524a
(V.C.S.) Construction of
a proposed trust agree-
ment, and applicability
of Article 696 of the Re-
vised Civil Statutes.

Dear Sir:

Your request for an opinion upon the above
captioned subject matter is as follows:

"The Sam Houston Underwriters, Inc.
of Houston, Texas is a domestic corpora-
tion having been granted a charter by the
Secretary of State on July 3, 1947, with
Sub-Section 49 of Article 1302, Revised
Civil Statutes of Texas, as its purpose
clause and, by virtue of said powers, it
is under the general supervision of this
Department in accordance with the provis-
ions of Article 1524a, Revised Civil Stat-
utes of Texas.

"Said corporation now proposes to
issue and sell to the general public a
fifteen-year Maturity Underwriters Bond
subject to the provisions of Section 7 of
Article 1524a, Revised Civil Statutes of
Texas, which provides for collateraliza-
tion of all outstanding bonds, notes, cer-
tificates, debentures and other obligations
sold in Texas by securities of the reason-
able market value equalling at least at all
times the face value of such obligations,
which securities shall be placed in the

hands of a corporation having trust
powers approved by the Banking Commis-
sioner of Texas, as Trustee, under a
trust agreement or at the option of any
such corporation which sells in Texas
such obligations as heretofore referred
to, such corporation may, upon applica-
tion to and approved by the Banking Com-
missioner, deposit securities with the
State Treasurer of Texas under a trust
agreement in lieu of such deposits with
a Trustee as set forth hereinabove.

"Subject corporation has submitted
for the Commissioner's approval its trust
indenture naming the State Treasurer as
Trustee, together with a specimen of the
bond or obligation which it proposes to
sell. We enclose said instruments and,
in connection therewith, the following
questions are submitted for your opinion:

"1. Are the terms and conditions
of the trust indenture such as to
warrant the approval thereof by
the Banking Commissioner?

"2. Would the State Treasurer, by
virtue of his official capacity, be
eligible to act as Trustee under
the terms of the submitted trust in-
denture?

"3. Is the proposed bond consider-
ed to be in legal form and does it
come within the class of instruments
or obligations mentioned in Section
7 of Article 1524a, Revised Civil
Statutes of Texas? If so, would the
provisions of Article 696, Revised
Civil Statutes, also apply?"

We do not approve the form of agreement pro-
posed by Sam Houston Underwriters, Inc. with the State
Treasurer. The rights, liabilities, duties, and the like
of the parties are statutory and fixed as a matter of law,
and any attempt to restate them, explain them, or affect

them one way or the other tends only to confusion and serves no useful or necessary purpose.

A short, formal instrument executed by the Corporation, reciting the desire to make deposits of collateral with the State Treasurer in virtue of the applicable statute, is all that is necessary, since the law itself will be read into the act or agreement of deposit and the Treasurer has no authority to make any agreement whatsoever other than those contemplated by the statute itself.

This answers your questions 1 and 2.

In respect to your question 3, we beg to advise that Section 7 of Article 1524a (V. C. S.) provides:

> "All bonds, notes, certificates, debentures, or other obligations sold in Texas by any corporation affected by a provision of this Act, shall be secured by securities of the reasonable market value, equalling at least at all times the face value of such bonds, notes, certificates, debentures, or other obligations."

The language "or other obligations" means the direct obligation of the corporation like the particular instruments mentioned.

It will be seen from an examination of the specimen bond accompanying your request that an essential part of the purpose of the sale of bonds is to sell to the purchaser twenty-five fully paid, non-assessable shares of Class A capital stock of the company.

Obviously, the shares of the capital stock of the company constitute no direct obligation of the company. We are therefore constrained to hold that the bond is not such bond or obligation of the company as comes within the class of instruments or obligations of Section 7 of the statute. To hold it to be such an obligation would be to extend the scope of the power given to the company beyond the plain language of the statute.

## SUMMARY

An extended trust agreement between a corporation operating under Article 1524a, (V.C.S.) and the State Treasurer is not to be approved. The rights, liabilities, powers and duties generally of both parties are fixed by the statute itself, and a formal, brief agreement indicating the purpose of the company to make deposits with the Treasurer in pursuance of said article is sufficient.

The specimen bond submitted is not such bond or "other obligation" authorized or required by the statute to be collateralized since a substantial portion of the obligation is the selling by the corporation to the subscriber of paid up shares of its capital stock, which is not a direct obligation of the corporation.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ocie Speer
Assistant

OS:wb

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL